**United States District Court**
For the Northern District of California

1
2
3
4
5                       UNITED STATES DISTRICT COURT
6                     NORTHERN DISTRICT OF CALIFORNIA
7
8
9  HENRY PAUL INOCENCIO,
10          Petitioner,                    No. C 10-2334 PJH
11     v.                                  **ORDER RE MOTION
                                           TO DISMISS AND SETTING**
12  ANTHONY HEDGPATH, Warden,              **BRIEFING SCHEDULE**
13          Respondent.
                                     /
14
15         Petitioner Henry Paul Inocencio ("Inocencio"), a California prisoner, filed a federal
16  habeas petition on May 27, 2010.  On November 8, 2010, the state filed a motion to
17  dismiss Inocencio's petition as mixed, containing both exhausted and unexhausted claims.
18  Inocencio filed an opposition, and the state filed a reply, and the motion was fully briefed on
19  December 6, 2010.  On September 27, 2011, the case was reassigned to the undersigned
20  judge.  Having considered the parties' papers and the relevant legal authority, the court
21  DENIES the state's motion.
22                              **BACKGROUND**
23         In 2006, an Alameda County Superior Court jury found Inocencio guilty of first
24  degree murder and of being a felon in possession of a firearm pursuant to California Penal
25  Code §§ 187 and 12021(a)(1).  The jury also found true allegations that Inocencio
26  personally discharged a firearm causing great bodily injury and that he intentionally fired a
27  handgun from a motor vehicle at another person outside the vehicle.  On March 20, 2006,
28  the court sentenced Inocencio to life imprisonment without parole.

United States District Court
For the Northern District of California

1   Inocencio subsequently filed both a direct appeal and habeas petitions with the state

2   courts.  On September 26, 2007, the California Court of Appeal affirmed Inocencio's

3   conviction in a written opinion.  The California Supreme Court issued a postcard order

4   denying review on December 12, 2007.

5   Inocencio then sought habeas relief from the Alameda County Superior Court, which

6   the court summarily denied for "failure to state a prima facie case for relief" on October 18,

7   2008.  Inocencio subsequently appears to have then filed two petitions for habeas relief

8   with the California Court of Appeal, one on November 17, 2008, and a second on June 19,

9   2009.  The California Court of Appeal denied both, the first on November 26, 2008, and the

10  second on June 23, 2009.

11  Inocencio filed a habeas petition with the California Supreme Court on July 6, 2009,

12  which the court denied on December 2, 2009, pursuant to *In re Swain,* 34 Cal.2d 300, 304

13  (Cal. Sup. Ct. 1949).

14  **DISCUSSION**

15  **A.    Parties' Arguments**

16  In its November 8, 2010 motion to dismiss, the state argued that Inocencio's petition

17  should be dismissed as mixed because it contains both exhausted and unexhausted

18  claims.  *See Rose v. Lundy*, 455 U.S. 509, 519 (1982).  The state's motion is cursory, and

19  it simply argues that "some" of the claims are unexhausted - those that were denied by the

20  California Supreme Court with a citation to *Swain*, 34 Cal.2d at 304.

21  In opposition, Inocencio requests this court to conduct an independent review of his

22  state habeas petition to determine which of his claims were fairly presented before the

23  California Supreme Court, and therefore may be deemed exhausted, pursuant to the

24  procedure prescribed by the Ninth Circuit in *Kim v. Villalobos,* 799 F.2d 1317, 1319-20 (9th

25  Cir. 1986).  Inocencio argues that all of his claims presented to the California Supreme

26  Court should be deemed exhausted at this stage.  However, to the extent that they are not,

27  Inocencio requests the court grant him leave to amend his petition to delete the

28

2

1  unexhausted claims.

2      In reply, the state argues that Inocencio did not provide the California Supreme

3  Court with a sufficient factual basis to decide the claims he presented in his state habeas

4  petition, and that the claims should be deemed unexhausted for that reason.

5  **B.     Analysis**

6      Neither party has specified which claims are at issue in the instant federal habeas

7  petition, let alone which claim(s) the respective parties contend are exhausted and

8  unexhausted.  Accordingly, in making the determinations relevant to this motion, the court

9  has reviewed Inocencio's petition before this court, the exhibits to the motion to dismiss,

10  and has afforded special attention to the issues Inocencio raised on direct appeal and

11  those that he raised in his habeas petition filed with the California Supreme Court.

12      In addition to requesting an evidentiary hearing, Inocencio raises seven claims in his

13  federal habeas petition, including that:

14      1)      he was denied effective assistance of trial counsel under the Sixth

15              Amendment when his counsel failed to conduct "any meaningful investigation

16              into the facts of his case, potential defenses, or potential exculpatory

17              witnesses;"

18      2)      he was denied effective assistance of appellate counsel under the Sixth

19              Amendment when his counsel "unjustifiably declined to raise a viable

20              argument," an ineffective assistance of counsel claim, on direct appeal;

21      3)      the prosecution improperly vouched for the credibility of its witnesses and

22              made inappropriate statements disparaging defense witnesses in violation of

23              his due process and fair trial rights;

24      4)      his sentence was cruel and unusual and constitutes excessive punishment

25              under the Eighth Amendment;

26      5)      his due process and fair trial rights were violated when the prosecution

27              improperly utilized its peremptory challenges to strike Hispanic jurors;

28

**United States District Court**
For the Northern District of California

3

**United States District Court**

For the Northern District of California

1   6)    his due process rights were violated when the trial court excluded evidence

2         that someone else was the shooter; and

3   7)    his due process rights were violated when the trial court admitted evidence of

4         a confidential communication between a witness and an attorney.

5       The latter three claims, claims five, six, and seven, stated above, were clearly

6   exhausted in the course of Inocencio's direct appeal before the state courts.  They are not

7   at issue in the instant motion.

8       Claims one through four are the only claims at issue in the motion to dismiss.  They

9   were raised in the habeas petition that the California Supreme Court denied under *Swain.*

10  In *Kim v. Villalobos*, the petitioner similarly filed a habeas petition in federal court following

11  the California Supreme Court's postcard denials of his two state habeas petitions.  799

12  F.2d at 1319-20.  The Ninth Circuit rejected respondent's argument that the federal petition

13  was unexhausted to the extent that the denial was based on *In re Swain*, 34 Cal.2d at 300,

14  the same case cited by the California Supreme Court in Inocencio's case.  *Id.*  The Ninth

15  Circuit held that the state court's citation to that particular portion of the *Swain* decision

16  indicated that the state court found the petitioner had not presented his claims with

17  sufficient particularity.  *Id.*

18      The *Kim* court went further and set forth a procedure for federal habeas courts'

19  review or screening of claims denied by the California Supreme Court under *Swain. Id.*  It

20  held that the California Supreme Court's citation of *Swain* does not *per se* establish that a

21  petitioner has failed to exhaust the claims denied by that court.  *Id.*  The Ninth Circuit held

22  that it was "incumbent" on the federal court "in determining whether the federal standard of

23  'fair presentation' of a claim to the state courts has been met, independently to examine

24  [the petitioner's] petition to the California Supreme Court."  *Id.* at 1320.  If the federal court

25  agrees with the petitioner, and determines that the claims were presented to the California

26  Supreme Court with particularity, or "that they are incapable of being alleged with any

27  greater particularity," then the petitioner "would then have fairly presented his claims to the

28

4

**United States District Court**

For the Northern District of California

1   state court and would be entitled to pursue them in federal court." *Id.* The court reasoned

2   that, "[t]he state courts, by denying a writ for lack of particularity when the claims are

3   alleged with as much particularity as is practicable, cannot forever preclude the petitioner

4   from reaching federal court." *Id.*

5        However, if the federal court reviews the claims and determines that indeed they

6   were not raised before the California Supreme Court with particularity, then the *Kim* court

7   noted that "[t]hat deficiency, *when it exists*, can be cured in a renewed petition" to the

8   California Supreme Court. *Id.* (emphasis added).

9        This court's independent examination of the claims raised by Inocencio in his

10  California Supreme Court habeas petition leads the court to conclude that all four of

11  Inocencio's claims at issue here were fairly presented in his habeas petition to the state

12  court.

13       **i.     Claim One: Ineffective Assistance of Trial Counsel**

14       In this first claim, Inocencio contended that his trial counsel provided ineffective

15  assistance of counsel when he: (1) failed to promptly and adequately conduct a pretrial

16  investigation; (2) subpoena and investigate witnesses; (3) move for a change of venue; and

17  (4) was biased such that he prejudiced Inocencio's defense. Inocencio provided nearly four

18  pages of factual support in addition to the legal support for this claim and sub-claims. For

19  example, Inocencio named witnesses and evidence, including bullet casings and security

20  tapes, that his counsel failed to investigate.

21       Accordingly, the court concludes that the claim was fairly presented to the California

22  Supreme Court and has been properly exhausted.

23       **ii.    Claim Two: Ineffective Assistance of Appellate Counsel**

24       In his second claim, Inocencio contended that he made his appellate counsel aware

25  of the above ineffective assistance of counsel claim prior to the filing of his direct appeal,

26  and that appellate counsel promised him he would raise the issue, but failed to do so.

27  Inocencio provided sufficient factual and legal support for this claim as well.

28

1   Accordingly, the court concludes that the claim was fairly presented to the California

2   Supreme Court and has been properly exhausted.

3   **iii.   Claim Three: Prosecutorial Misconduct**

4   In his third claim, Inocencio cited to six alleged incidents of prosecutorial

5   misconduct, and provided citations to the reporter's transcripts in support.  He thus

6   provided sufficient factual and legal support for this claim as well.

7   Accordingly, the court concludes that the claim was fairly presented to the California

8   Supreme Court and has been properly exhausted.

9   **iv.   Claim Four: Eighth Amendment Claim**

10   In his fourth claim, Inocencio argues that given his age, the crime, and his criminal

11   history, his life sentence without parole violated the Eighth Amendment.  This claim

12   presents a purely legal issue, and was fairly presented to the California Supreme Court and

13   has been properly exhausted.

14   For these reasons, the court DENIES the state's motion to dismiss.

15   The state is ORDERED to file with the court and serve on Inocencio, **within 60 days**

16   **of the date of this order**, an answer conforming in all respects to Rule 5 of the Rules

17   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

18   issued, addressing all **seven** claims set forth above.  The state shall file with the answer

19   and serve on Inocencio a copy of all portions of the administrative record that are relevant

20   to a determination of the issues presented by the petition.

21   If Inocencio wishes to respond to the answer, he shall do so by filing a

22   traverse with the court and serving it on the state **within 30 days** of his receipt of the

23   answer.

24   **IT IS SO ORDERED.**

25   Dated: September 29, 2011

26   _____
     PHYLLIS J. HAMILTON
     United States District Judge

27

28

6

*United States District Court*
*For the Northern District of California*