UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY PAUL INOCENCIO,

    Petitioner,

    v.

ANTHONY HEDGPATH, Warden,

    Respondent.
_____/

No. C 10-2334 PJH

**ORDER RE MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE**

Petitioner Henry Paul Inocencio ("Inocencio"), a California prisoner, filed a federal habeas petition on May 27, 2010. On November 8, 2010, the state filed a motion to dismiss Inocencio's petition as mixed, containing both exhausted and unexhausted claims. Inocencio filed an opposition, and the state filed a reply, and the motion was fully briefed on December 6, 2010. On September 27, 2011, the case was reassigned to the undersigned judge. Having considered the parties' papers and the relevant legal authority, the court DENIES the state's motion.

**BACKGROUND**

In 2006, an Alameda County Superior Court jury found Inocencio guilty of first degree murder and of being a felon in possession of a firearm pursuant to California Penal Code §§ 187 and 12021(a)(1). The jury also found true allegations that Inocencio personally discharged a firearm causing great bodily injury and that he intentionally fired a handgun from a motor vehicle at another person outside the vehicle. On March 20, 2006, the court sentenced Inocencio to life imprisonment without parole.

Inocencio subsequently filed both a direct appeal and habeas petitions with the state courts. On September 26, 2007, the California Court of Appeal affirmed Inocencio's conviction in a written opinion. The California Supreme Court issued a postcard order denying review on December 12, 2007.

Inocencio then sought habeas relief from the Alameda County Superior Court, which the court summarily denied for "failure to state a prima facie case for relief" on October 18, 2008. Inocencio subsequently appears to have then filed two petitions for habeas relief with the California Court of Appeal, one on November 17, 2008, and a second on June 19, 2009. The California Court of Appeal denied both, the first on November 26, 2008, and the second on June 23, 2009.

Inocencio filed a habeas petition with the California Supreme Court on July 6, 2009, which the court denied on December 2, 2009, pursuant to *In re Swain,* 34 Cal.2d 300, 304 (Cal. Sup. Ct. 1949).

## DISCUSSION

**A.   Parties' Arguments**

In its November 8, 2010 motion to dismiss, the state argued that Inocencio's petition should be dismissed as mixed because it contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). The state's motion is cursory, and it simply argues that "some" of the claims are unexhausted - those that were denied by the California Supreme Court with a citation to *Swain*, 34 Cal.2d at 304.

In opposition, Inocencio requests this court to conduct an independent review of his state habeas petition to determine which of his claims were fairly presented before the California Supreme Court, and therefore may be deemed exhausted, pursuant to the procedure prescribed by the Ninth Circuit in *Kim v. Villalobos,* 799 F.2d 1317, 1319-20 (9th Cir. 1986). Inocencio argues that all of his claims presented to the California Supreme Court should be deemed exhausted at this stage. However, to the extent that they are not, Inocencio requests the court grant him leave to amend his petition to delete the

unexhausted claims.

In reply, the state argues that Inocencio did not provide the California Supreme Court with a sufficient factual basis to decide the claims he presented in his state habeas petition, and that the claims should be deemed unexhausted for that reason.

**B.   Analysis**

Neither party has specified which claims are at issue in the instant federal habeas petition, let alone which claim(s) the respective parties contend are exhausted and unexhausted.  Accordingly, in making the determinations relevant to this motion, the court has reviewed Inocencio's petition before this court, the exhibits to the motion to dismiss, and has afforded special attention to the issues Inocencio raised on direct appeal and those that he raised in his habeas petition filed with the California Supreme Court.

In addition to requesting an evidentiary hearing, Inocencio raises seven claims in his federal habeas petition, including that:

1)   he was denied effective assistance of trial counsel under the Sixth Amendment when his counsel failed to conduct "any meaningful investigation into the facts of his case, potential defenses, or potential exculpatory witnesses;"

2)   he was denied effective assistance of appellate counsel under the Sixth Amendment when his counsel "unjustifiably declined to raise a viable argument," an ineffective assistance of counsel claim, on direct appeal;

3)   the prosecution improperly vouched for the credibility of its witnesses and made inappropriate statements disparaging defense witnesses in violation of his due process and fair trial rights;

4)   his sentence was cruel and unusual and constitutes excessive punishment under the Eighth Amendment;

5)   his due process and fair trial rights were violated when the prosecution improperly utilized its peremptory challenges to strike Hispanic jurors;

3

6)     his due process rights were violated when the trial court excluded evidence that someone else was the shooter; and

7)     his due process rights were violated when the trial court admitted evidence of a confidential communication between a witness and an attorney.

The latter three claims, claims five, six, and seven, stated above, were clearly exhausted in the course of Inocencio's direct appeal before the state courts. They are not at issue in the instant motion.

Claims one through four are the only claims at issue in the motion to dismiss. They were raised in the habeas petition that the California Supreme Court denied under *Swain.* In *Kim v. Villalobos*, the petitioner similarly filed a habeas petition in federal court following the California Supreme Court's postcard denials of his two state habeas petitions. 799 F.2d at 1319-20. The Ninth Circuit rejected respondent's argument that the federal petition was unexhausted to the extent that the denial was based on *In re Swain*, 34 Cal.2d at 300, the same case cited by the California Supreme Court in Inocencio's case. *Id.* The Ninth Circuit held that the state court's citation to that particular portion of the *Swain* decision indicated that the state court found the petitioner had not presented his claims with sufficient particularity. *Id.*

The *Kim* court went further and set forth a procedure for federal habeas courts' review or screening of claims denied by the California Supreme Court under *Swain. Id.* It held that the California Supreme Court's citation of *Swain* does not *per se* establish that a petitioner has failed to exhaust the claims denied by that court. *Id.* The Ninth Circuit held that it was "incumbent" on the federal court "in determining whether the federal standard of 'fair presentation' of a claim to the state courts has been met, independently to examine [the petitioner's] petition to the California Supreme Court." *Id.* at 1320. If the federal court agrees with the petitioner, and determines that the claims were presented to the California Supreme Court with particularity, or "that they are incapable of being alleged with any greater particularity," then the petitioner "would then have fairly presented his claims to the

4

state court and would be entitled to pursue them in federal court." *Id.* The court reasoned that, "[t]he state courts, by denying a writ for lack of particularity when the claims are alleged with as much particularity as is practicable, cannot forever preclude the petitioner from reaching federal court." *Id.*

However, if the federal court reviews the claims and determines that indeed they were not raised before the California Supreme Court with particularity, then the *Kim* court noted that "[t]hat deficiency, *when it exists*, can be cured in a renewed petition" to the California Supreme Court. *Id.* (emphasis added).

This court's independent examination of the claims raised by Inocencio in his California Supreme Court habeas petition leads the court to conclude that all four of Inocencio's claims at issue here were fairly presented in his habeas petition to the state court.

### i. Claim One: Ineffective Assistance of Trial Counsel

In this first claim, Inocencio contended that his trial counsel provided ineffective assistance of counsel when he: (1) failed to promptly and adequately conduct a pretrial investigation; (2) subpoena and investigate witnesses; (3) move for a change of venue; and (4) was biased such that he prejudiced Inocencio's defense. Inocencio provided nearly four pages of factual support in addition to the legal support for this claim and sub-claims. For example, Inocencio named witnesses and evidence, including bullet casings and security tapes, that his counsel failed to investigate.

Accordingly, the court concludes that the claim was fairly presented to the California Supreme Court and has been properly exhausted.

### ii. Claim Two: Ineffective Assistance of Appellate Counsel

In his second claim, Inocencio contended that he made his appellate counsel aware of the above ineffective assistance of counsel claim prior to the filing of his direct appeal, and that appellate counsel promised him he would raise the issue, but failed to do so. Inocencio provided sufficient factual and legal support for this claim as well.

Accordingly, the court concludes that the claim was fairly presented to the California Supreme Court and has been properly exhausted.

### iii.   Claim Three: Prosecutorial Misconduct

In his third claim, Inocencio cited to six alleged incidents of prosecutorial misconduct, and provided citations to the reporter's transcripts in support. He thus provided sufficient factual and legal support for this claim as well.

Accordingly, the court concludes that the claim was fairly presented to the California Supreme Court and has been properly exhausted.

### iv.   Claim Four: Eighth Amendment Claim

In his fourth claim, Inocencio argues that given his age, the crime, and his criminal history, his life sentence without parole violated the Eighth Amendment. This claim presents a purely legal issue, and was fairly presented to the California Supreme Court and has been properly exhausted.

For these reasons, the court DENIES the state's motion to dismiss.

The state is ORDERED to file with the court and serve on Inocencio, **within 60 days of the date of this order**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued, addressing all **seven** claims set forth above. The state shall file with the answer and serve on Inocencio a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

If Inocencio wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on the state **within 30 days** of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: September 29, 2011

PHYLLIS J. HAMILTON
United States District Judge

6