United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY PAUL INOCENCIO,

Petitioner,

v.

ANTHONY HEDGPATH, Warden,

Respondent.
_______________________________/

No. C 10-2334 PJH

**ORDER DISMISSING HABEAS PETITION AS UNTIMELY**

Before the court is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by state prisoner, Henry Paul Inocencio ("Inocencio"). Having reviewed the parties' papers, the record, and having carefully considered their arguments and the relevant legal authorities, the court DISMISSES the petition as untimely.

## BACKGROUND

### A. State Court Proceedings

In 2006, an Alameda County Superior Court jury found Inocencio guilty of first degree murder and of being a felon in possession of a firearm pursuant to California Penal Code §§ 187 and 12021(a)(1). The jury also found true allegations that Inocencio personally discharged a firearm causing great bodily injury and that he intentionally fired a handgun from a motor vehicle at another person outside the vehicle. On March 20, 2006, the court sentenced Inocencio to life imprisonment without parole.

Inocencio subsequently filed both a direct appeal and habeas petitions with the state courts. On September 26, 2007, the California Court of Appeal affirmed Inocencio's

conviction in a written opinion. The California Supreme Court issued a postcard order denying review on December 12, 2007.

Inocencio then sought habeas relief from the Alameda County Superior Court, which the court summarily denied for failure to state a prima facie case for relief on October 18, 2008. Inocencio then filed two petitions for habeas relief with the California Court of Appeal, one on November 17, 2008, and a second on June 19, 2009. The California Court of Appeal denied both, the first on November 26, 2008, and the second on June 23, 2009.

Inocencio filed a habeas petition with the California Supreme Court on July 6, 2009, which the court denied on December 2, 2009, pursuant to *In re Swain,* 34 Cal.2d 300, 304 (Cal. Sup. Ct. 1949).

**B. Federal Court Proceedings**

On May 27, 2010, Inocencio filed a habeas petition with this court, which was initially assigned to the Honorable Jeremy Fogel but was reassigned to the undersigned judge on September 27, 2011.

Prior to the briefing on the merits, the state filed a motion to dismiss Inocencio's petition as mixed because it contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). The state argued that "some" of the claims presented by Inocencio were unexhausted, in particular, those that were denied by the California Supreme Court with a citation to *Swain*, 34 Cal.2d at 304. In opposition, Inocencio requested this court to conduct an independent review of his state habeas petition to determine which of his claims were fairly presented to the California Supreme Court, and therefore may be deemed exhausted, pursuant to the procedure prescribed by the Ninth Circuit in *Kim v. Villalobos,* 799 F.2d 1317, 1319-20 (9th Cir. 1986).

In its September 29, 2011 order, the court reviewed each of the seven claims raised by Inocencio in his federal petition. It noted that three claims were clearly exhausted in the course of Inocencio's direct appeal before the state courts, and did not appear to be at issue in the motion. As for the other four claims at issue in the motion, the court noted that

United States District Court
For the Northern District of California

they were raised in the habeas petition that the California Supreme Court denied under *Swain.* The court applied the procedure set forth by the Ninth Circuit in *Kim* for federal habeas courts' review or screening of claims denied by the California Supreme Court under *Swain*,[1] and held that its examination of the claims raised by Inocencio in his California Supreme Court habeas petition led it to conclude that all four of Inocencio's claims at issue in the motion to dismiss were fairly presented in his habeas petition to the state court, and were thus exhausted.

Following the court's order, the state filed its answer, and Inocencio filed a reply.

## DISCUSSION

### A. Timeliness

In its brief in support of its answer, the state requests dismissal of Inocencio's petition on an additional ground not raised in its prior motion to dismiss, that the petition is untimely.

#### 1. Legal Standards

AEDPA's one-year statute of limitations period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States

---

[1] In *Kim*, the Ninth Circuit held that the California Supreme Court's citation of *Swain* does not *per se* establish that a petitioner has failed to exhaust the claims denied by that court. *Id.* The Ninth Circuit held that it was "incumbent" on the federal court "in determining whether the federal standard of 'fair presentation' of a claim to the state courts has been met, independently to examine [the petitioner's] petition to the California Supreme Court." *Id.* at 1320. If the federal court agrees with the petitioner, and determines that the claims were presented to the California Supreme Court with particularity, or "that they are incapable of being alleged with any greater particularity," then the petitioner "would then have fairly presented his claims to the state court and would be entitled to pursue them in federal court." *Id.* The court reasoned that, "[t]he state courts, by denying a writ for lack of particularity when the claims are alleged with as much particularity as is practicable, cannot forever preclude the petitioner from reaching federal court." *Id.*

However, if the federal court reviews the claims and determines that indeed they were not raised before the California Supreme Court with particularity, then the *Kim* court noted that "[t]hat deficiency, *when it exists*, can be cured in a renewed petition" to the California Supreme Court. *Id.* (emphasis added).

Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review).

AEDPA's one-year statute of limitations is statutorily tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending." 28 U.S.C. § 2244(d)(2). The circumstances under which a state petition will be deemed "pending" for purposes of § 2244(d)(2) is a question of federal law. *Welch v. Carey*, 350 F.3d 1079, 1080 (9th Cir. 2003). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – *i.e.*, 'until the completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (citations omitted). In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending." *Id.* at 220.

**2. Parties' Arguments**

In support of its motion to dismiss, the state notes that AEDPA's statute of limitations began running ninety days after the California Supreme Court denied review on Inocencio's direct appeal on December 12, 2007, which would have been March 11, 2008. Accordingly, if time was not tolled, the statute of limitations would have expired on March 11, 2009.

The state acknowledges that Inocencio sought habeas relief in the state courts, and that some of the time would have been tolled on this basis. However, it contends that the dates set forth by Inocencio in his petition regarding his state court habeas proceedings are incorrect, that the entire period Inocencio alleges he was seeking state habeas relief should



United States District Court
For the Northern District of California

not be tolled under AEDPA because he unreasonably delayed seeking relief at certain stages of the state habeas proceedings, and that his federal habeas petition is therefore untimely.

According to Inocencio, he filed his first habeas petition with the superior court on August 2, 2008, and the court denied the petition on October 20, 2008. The state does not dispute those dates. Next, Inocencio claimed that he subsequently sought habeas relief in the California Court of Appeal (no date provided), and that the appellate court denied his petition on June 23, 2009. The state does not dispute the one date provided by Inocencio, but instead contends that he unreasonably filed two habeas petitions with that court. The state asserts that Inocencio filed his first habeas petition with the California Court of Appeal on November 17, 2008, which the court denied on November 26, 2008. The state then alleges that Inocencio filed another habeas petition with the court of appeal on June 19, 2009, which the court denied on June 23, 2009. The state does not dispute that Inocencio then sought habeas relief in the California Supreme Court on July 6, 2009, and that the court denied relief on December 2, 2009.

The state argues that Inocencio is not entitled to any statutory tolling after the California Court of Appeal denied his first petition on November 26, 2008, suggesting that it was not reasonable for Inocencio to file a second habeas petition with the same court, and that he therefore did not proceed within a reasonable period of time to the next higher court, the California Supreme Court. Its position is that Inocencio is at most entitled to statutory tolling from August 18, 2008, until November 26, 2008, representing the period between which he filed his habeas petition with the state superior court until the date the California Court of Appeal denied his first habeas petition filed with that court. The state also appears to argue that Inocencio is not entitled to tolling during the period of time when his petition was pending before the California Supreme Court, suggesting that he did not proceed with his habeas petition there within a reasonable period of time after the California Court of Appeal first denied relief.

United States District Court
For the Northern District of California

Ultimately, the state argues that Inocencio's federal petition was filed at least two years after AEDPA's limitations period commenced; that only approximately 100 days during those two years were properly tolled; and that as a result, his federal habeas petition is untimely (presumably by approximately 265 days). Unfortunately, the state has not provided any specific numbers in support of its calculations, though.

In his reply, Inocencio denies filing two separate habeas petitions with the California Court of Appeal. He argues that he pursued a "single line of relief" in the California courts, and that the entire period of time during which he pursued habeas relief in the state courts should be tolled.

**3. Findings Regarding State Court Habeas Proceedings**

The court has reviewed the relevant exhibits, and based on those exhibits, which largely constitute docket reports from the California appellate courts, the court finds as follows. Inocencio filed a habeas petition with the Alameda County Superior Court on August 18, 2008, which was denied by that court on October 20, 2008. On November 17, 2008, Inocencio filed a habeas petition with the California Court of Appeal, which the court denied on November 26, 2008. Exh. L.

On June 19, 2009, Inocencio filed a second habeas petition with that court. Exh. M. That fact is confirmed both in that court's docket entries for the first case and for the second case. Exhs. L, M. The cases were assigned different case numbers. On June 23, 2009, the California Court of Appeal denied his second habeas petition. Exh. L. On June 29, 2009, the California Court of Appeal received a notice and request for ruling on the first habeas petition filed in that court from Inocencio. *Id.* The court responded that same day, on June 29, 2009, advising Inocencio that his petition had already been denied. *Id.*

On July 6, 2009, Inocencio filed a habeas petition with the California Supreme Court, which that court denied on December 2, 2009.

**4. Analysis**

Here, direct review concluded with the California Supreme Court's December 12,

2007 denial of Inocencio's petition for review. Because Inocencio did not seek a writ of certiorari from the United States Supreme Court, AEDPA's statute of limitations commenced running on March 11, 2008. Inocencio filed his first state habeas petition with the superior court on August 18, 2008. Accordingly, at the time he filed the petition, 159 days had run untolled from March 11, 2008 until August 18, 2008. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (limitation period is not tolled during the time between the date on which a final decision is issued on direct appeal and the date on which the first state collateral challenge is filed).

Turning then to the state habeas proceedings, Inocencio's one-year statute of limitations was then tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending." 28 U.S.C. § 2244(d)(2).

Inocencio's first complete round of habeas review became final on December 2, 2009, when the California Supreme Court denied his habeas petition filed there. During the first round, after the superior court denied his petition, Inocencio filed his first habeas petition with the California Court of Appeal within a reasonable amount of time - 28 days later. However, there was a 222-day delay between the time that the state court of appeal denied Inocencio's first habeas petition there on November 26, 2008, and July 6, 2009, when Inocencio filed his first habeas petition with the California Supreme Court.

Meanwhile, after the California Court of Appeal denied his first habeas petition and before Inocencio filed his California Supreme Court petition, he filed a second petition with the California Court of Appeal that was pending there for four days between June 19, 2009, and June 23, 2009. Accordingly, the second habeas petition was denied before Inocencio completed his first round of habeas review.

The Ninth Circuit has held that an application for post-conviction review is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. *Biggs v. Duncan*, 339

United States District Court
For the Northern District of California

F.3d 1045, 1048 (9th Cir. 2003). The time between a lower court decision and the filing of a new petition in a higher court is treated as time the petition is "pending" as long as the petitioner did not "unreasonably delay" in seeking review. *Carey*, 536 U.S. at 221-23; *accord Nino*, 183 F.3d at 1006 (an application for collateral review is "pending" in state court for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application"). The Ninth Circuit has thus concluded that the limitation period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition *at the next state appellate level*." 183 F.3d at 1005 (emphasis added). This is true even if the contents of the petitions at different levels change, or if the petitioner files additional or overlapping petitions before the first full round of review is complete. *Delhomme v. Ramirez*, 340 F.3d 817, 819-20 (9th Cir. 2003), *abrogated on other grounds as recognized by Waldrip v. Hall*, 548 F.3d 729, 733 (9th Cir.2008); *Biggs*, 339 F.3d at 1048 n.1.

A round of collateral review is not complete (and any claims raised are not exhausted), until the California Supreme Court's denial of review is final. *See Carey*, 536 U.S. at 220, 223 (“until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains ‘pending’ ”); *Biggs*, 339 F.3d at 1048. However, a petitioner is not entitled to tolling during the gap between the completion of one full round of state collateral review and the commencement of another. *Id.*

To the extent that it is the state’s position that Inocencio’s filing of a second habeas petition with the same court, the California Court of Appeal, was in and of itself unreasonable and, as a result, interrupted any statutory tolling associated with his first round of state habeas review, this argument is without merit and contrary to Ninth Circuit law. The Ninth Circuit has clearly held that the filing of a second habeas petition during the time a petitioner is completing his first round of habeas review has no impact on the timeliness or tolling associated with the concurrent round of state habeas proceedings.

United States District Court
For the Northern District of California

*See Delhomme*, 340 F.3d at 820. Specifically, the Ninth Circuit held that

> [t]he period that an application for post-conviction review is pending is not affected or 'untolled' merely because a petitioner files additional or overlapping petitions before it is complete. Rather, each time a petitioner files a new habeas petition at the same or a lower level, as [the petitioner] did here, the subsequent petition has no effect on the already pending application, but triggers an entirely separate round of review. *See Biggs*, 339 F.3d at 1048 (finding that petitioner 'kicked off a new round of collateral review' when he filed a non-ascending petition); *see Carey*, 536 U.S. at 222 (noting that the first petition filed at a given level might affect a subsequent petition filed at the same or lower level, because the subsequent petition might be 'barred as successive,' but if the subsequent petition is filed at a higher appellate level instead the petitioner would likely find review available). Thus, the first round of review remains pending, and tolling does not end until that round is completed at the California Supreme Court, as long as the petitioner does not delay unreasonably, even if the petitioner begins a new round while that round is still pending.

*Id.* at 820-821.

Thus, according to *Delhomme*, even though petitioner denies filing a second petition, the second petition that the record shows he did file with the California Court of Appeal triggered a separate round of review. *Id.* at 821. Because this round of review was commenced while his first round of collateral review was still pending and did not extend beyond his first completed round of review, according to Ninth Circuit precedent, this court need not address whether Inocencio is entitled to additional tolling for the second round and/or whether it was properly pursued. *Id.*

Instead, the issue here is whether there were any "gaps" between the stages of Inocencio's first round of state habeas proceedings that constituted unreasonable delay, thus preventing statutory tolling during the entire period in which the state habeas proceedings took place. If there is an unreasonable gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap. *See id.* at 821; *Biggs*, 339 F.3d at 1046-47, 1048.

Here, as set forth above, the 222-day period from the time that the California Court of Appeal denied Inocencio's first habeas petition on November 26, 2008, until Inocencio filed his habeas petition with the California Supreme Court on July 6, 2009, is potentially

problematic. Whether this gap was tolled will determine the timeliness of Inocencio's federal habeas petition. That is because in addition to the 159 days that ran untolled from March 11, 2008 until August 18, 2008, the limitations period also ran untolled between December 2, 2009, when the California Supreme Court denied Inocencio's habeas petition and May 27, 2010, when he filed his federal habeas petition, for a total of 175 days.

Accordingly, not accounting for the gap between Inocencio's first round California Court of Appeal and California Supreme Court petitions, the court estimates that at least 334 days ran untolled, representing the time periods of March 11, 2008 until August 18, 2008, and December 2, 2009 until May 27, 2010. Therefore, if the gap between the petitions at issue was tolled, Inocencio's federal habeas petition would be timely. However, if the 222-day gap is not tolled, then Inocencio's federal habeas petition is untimely.

To determine whether an application was "pending" for tolling purposes, a threshold question must be whether the petitioner invoked a procedure "available" to him under state law. *See Jenkins v. Johnson*, 330 F.3d 1146, 1154 (9th Cir. 2003), *overruled on other grounds by Pace v. DiGuglielmo,* 544 U.S. 408 (2005). Thus, a federal court must determine "just when a [California] review application (*i.e.*, a filing in a higher court) comes too late." *Carey*, 536 U.S. at 223. In other words, it must determine whether a petitioner "delayed 'unreasonably' in seeking [higher state court] review." *Id.* at 225. If so, the application would no longer have been "pending" during the period at issue. *Id.*

If a state court itself clearly rules that a petitioner's delay was "unreasonable," that is the end of the matter, regardless of whether it also addressed the merits of the claims, or whether its timeliness ruling was "entangled" with the merits. *Id.* at 226. However, if the state court does not clearly rule on a petitioner's delay, the federal court must evaluate all "relevant circumstances" and independently determine whether the delay was "unreasonable." *Carey*, 536 U.S. at 226 (where state court denied application "on the merits and for lack of diligence" federal court must evaluate all "relevant considerations" to determine whether delay was unreasonable).

Here, the state argues that the California Supreme Court's citation of *Swain*, 34 Cal. 2d at 304, means that the state supreme court denied review on procedural grounds - either because Inocencio's petition was untimely or because the claims were unexhausted. Given this court's prior order denying the state's motion to dismiss Inocencio's current petition as containing unexhausted claims, the state argues that necessarily means that the California Supreme Court must have denied Inocencio's habeas petition there as untimely, and that accordingly, this petition should be dismissed as untimely.

The state's very argument, however, was recently rejected by the Ninth Circuit in *Cross v. Sisto*, 2012 WL 1322029 at *3-4 (9th Cir. April 18, 2012). In *Cross*, the Ninth Circuit held that the district court erred when it dismissed a habeas petition as untimely after interpreting the California Supreme Court's citation to *Swain* to mean that the state court concluded the petition was untimely. *Id.* The *Cross* court held that a state court's citation to *Swain* by itself is not conclusive proof of the conclusion of untimeliness. *Id.* Instead, it noted that a state court's citation to *Swain* is more akin to a "a grant of demurrer, rendering the habeas petition procedurally deficient yet properly filed." *Id.* at *4. The Ninth Circuit suggested that based on state law, the district court was required to consider the individual circumstances of that case to determine whether the petition was in fact unduly delayed and whether any delay was justified. *Id.* Ultimately, it concluded that the petition was timely based on the circumstances, and remanded the case to the district court to determine the petition on the merits. *Id.* at *5.

Accordingly, since the state court here did not clearly rule that Inocencio's petition there was untimely, this court is required to consider the individual circumstances of Inocencio's case to determine whether the 222-day delay was "unreasonable." *Carey*, 536 U.S. at 226.

In *Evans v. Chater*, the United States Supreme Court held that an unjustified or unexplained six-month delay between post-conviction applications in California was not "reasonable" and did not fall within the definition of the term "pending." 546 U.S. 189, 201

(2006). After *Evans* issued, the Ninth Circuit requested guidance from the California Supreme Court as to what California would consider "reasonable" delay and when a substantial delay would be justified; the California Supreme Court, however, denied certification of the questions. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 n.1 (9th Cir. 2010). Thereafter, the Ninth Circuit held that unexplained, and hence unjustified, delays of 115 and 101 days between California habeas petitions were not reasonable. *See id.* at 1048; *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding 91 and 81 days delay between state habeas petitions was "'unreasonable'" with no indications from the California courts to the contrary); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (finding delay of 146 days between successive petitions not reasonable, so later petition not "timely filed"); *Waldrip v. Hall*, 548 F.3d 729, 735-36 (9th Cir. 2008) (holding delay of at least eight months not "reasonable" and thus not subject to tolling); *Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006) (finding no "gap tolling" during delays of ten, fifteen, and eight months between California habeas petitions).

Based on the above, without explanation, an approximately seven-month, or 222-day gap between the California Court of Appeal's denial of Inocencio's petition and his subsequent petition with the California Supreme Court appears unreasonable, and as a result, would render his federal petition untimely. However, in determining timeliness, the Ninth Circuit has held that the petitioner's justification for the delay should also be considered. *See Maxwell v. Roe*, 628 F.3d 486, 496 (9th Cir. 2010); *see also Chaffer*, 592 F.3d at 1048.

Here, even though Inocencio's request for a ruling reflected on the California Court of Appeals' docket sheet for June 29, 2009, may suggest that Inocencio may not have received the California Court of Appeal's November 26, 2008 denial of his first petition, Inocencio fails to offer any explanation for the delay even after reading the state's brief setting forth the existence of two petitions, and instead denies that he filed two petitions with the California Court of Appeal. As the Ninth Circuit has recognized in cases like this

one, "[u]nder California law, a petitioner must provide an explanation for any significant delay in applying for habeas relief." *Maxwell*, 628 F.3d at 496 (citing *In re Clark*, 5 Cal.4th 750 (Cal. Sup. Ct. 1993)).[2] It is neither respondent's nor the court's responsibility to try to guess if there is a basis for tolling the statute of limitations. Because it is Inocencio's burden to explain and justify the delay, and he has not provided *any* explanation, the court grants the state's request to dismiss the petition as untimely.

**CONCLUSION**

For the reasons discussed above, the court DISMISSES Inocencio's habeas petition as untimely. The clerk shall close the file.

**CERTIFICATE OF APPEALABILITY**

The certificate of appealability requirement applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and

---

[2]The court further notes that to the extent a petitioner seeks equitable tolling of AEDPA's statute of limitations, it is the petitioner who "bears the heavy burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Chaffer*, 592 F.3d at 1048.

United States District Court
For the Northern District of California

encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the court concludes that reasonable jurists could find it debatable whether Inocencio's seven claims state a valid claim of the denial of a constitutional right, and could also find the court's ruling regarding the timeliness of Inocencio's petition debatable. The court therefore GRANTS a COA as to the issue of the timeliness of Inocencio's petition.

Accordingly, the clerk shall forward the file, including a copy of this order, to the Court of Appeals. *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated: April 26, 2012

PHYLLIS J. HAMILTON
United States District Judge